**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 3 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

BYRON BLUEHORSE,

      Plaintiff-Appellant,

v.

CARI M. DOMINGUEZ, Chair,
United States Equal Employment
Opportunity Commission,

      Defendant-Appellee.

No. 03-2254
(D.C. No. CIV-02-1587-LFG/WDS)
(D. N.M.)

---

ORDER AND JUDGMENT *

---

Before **TACHA** , Chief Judge, **MURPHY** , Circuit Judge, and **CAUTHRON** ,**
Chief District Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*     The Honorable Robin J. Cauthron, Chief District Judge, United States
District Court for the Western District of Oklahoma, sitting by designation.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Byron Bluehorse, a Native American (Navajo), brought suit against his former employer, the United States Equal Employment Opportunity Commission (EEOC), alleging that he had been denied a promotion due to his race and national origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e to 2000e-17. The district court granted summary judgment in favor of the EEOC; Mr. Bluehorse now appeals. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and affirms.

**BACKGROUND**

The EEOC Albuquerque District Office hired Mr. Bluehorse as a temporary level GS-3 office automation clerk in July 1999 and promoted him to a level GS-4 position in October 2000. On April 20, 2001, Mr. Bluehorse applied for a newly-created clerk/assistant opening at level GS-5, stating that he met the qualification of one year of experience equivalent to a GS-4 grade level. The EEOC initially selected Mr. Bluehorse for the new position, but later recognized that his application did not show the requisite experience. In an effort to qualify Mr. Bluehorse for the position, an administrative officer met with him to determine if his military service included administrative or clerical duties, but Mr. "Bluehorse simply failed to provide any additional information." Aplt. App.

-2-

at 133. A qualified Anglo female was then selected for the position. Later, Mr. Bluehorse submitted his notice of resignation.

**DISCUSSION**

This court reviews de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment. *McKnight v. Kimberly Clark Corp*., 149 F.3d 1125, 1128 (10th Cir. 1998). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c)).

In its summary judgment ruling, the district court concluded that Mr. Bluehorse's case failed at both the prima facie and pretext stages of the burden-shifting framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). A plaintiff with a failure-to-promote claim is first required to establish a prima facie case, showing that: (1) he was a member of a protected class; (2) he applied for and was qualified for the position; (3) despite being qualified he was rejected; and (4) after he was rejected, the position was filled or remained available. *Amro v. Boeing Co.*, 232 F.3d 790, 796 (10th Cir. 2000). "If the plaintiff carries his burden of establishing a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its employment action. This shifts the burden back to the plaintiff to proffer

evidence that the employer's reason is pretextual." *Jones v. Barnhart*, 349 F.3d 1260, 1266 (10th Cir. 2003) (citations omitted).

In district court, Mr. Bluehorse essentially conceded that, on its face, his application did not show the necessary qualifications. He argued, without legal support, that the administrative officer should have further explored his military service for equivalent experience. The district court rejected the argument and concluded that Mr. Bluehorse failed to demonstrate that he met the requirements for the position and, consequently, did not make out a prima facie case or show pretext. It therefore entered summary judgment in favor of the EEOC.

On appeal, Mr. Bluehorse continues to assert that he should have been given "more time to describe his past military history" so that he could explain "that he had a variety of experience in military service." Aplt. Br. at 6. Also, for the first time, he claims that he was entitled to "much more credit for his education than [the] EEOC gave him." *Id.*

After a de novo review of the district court's order and the appellate record, as well as a consideration of the parties' briefs and contentions on appeal, this court affirms the district court's grant of summary judgment in favor of the EEOC for substantially those reasons set out by the district court. With regard to Mr. Bluehorse's argument about education credit, we will not address that issue here. *See Steele v. Thiokol Corp*., 241 F.3d 1248, 1253 (10th Cir. 2001) (stating

general rule that this court does not consider an issue raised for the first time on appeal).

     AFFIRMED.

                                     Entered for the Court


                                     Michael R. Murphy
                                     Circuit Judge